UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK DIVISION

| | |
|---|---|
| JANA REED,<br><br>                    Plaintiff,<br><br>v.<br><br>LYONS, DOUGHTY & VELDHUIS, P.C.,<br><br>                    Defendant. | Case No:<br><br><br>JURY TRIAL DEMANDED |

Plaintiff, Jana Reed, by and through the undersigned counsel, complains, states, and alleges against defendant Lyons, Doughty & Veldhuis, P.C., as follows:

**INTRODUCTION**

1. This is an action to recover damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (the "FDCPA").

2. In 1977, Congress enacted the Fair Debt Collection Practices Act ("FDCPA"), codified at 15 USC §§ 1692 *et seq*., in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id*. Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) and (c).

3. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "ensure that those debt collectors who refrain from using

1

abusive debt collection practices are not competitively disadvantaged." *Id.*, § 1692(e). After determining that the existing consumer protection laws were inadequate, Congress gave consumers a private cause of action against debt collectors who failed to comply with the Act. *Id.*, § 1692k.

4. In determining whether a collection letter violates the FDCPA, courts in the Third Circuit apply the "least sophisticated consumer standard." *Jensen v. Pressler & Pressler*, 791 F.3d 413, 418 (3d Cir. 2015). The standard is an objective one, meaning the specific consumer need not prove that she was actually confused or misled. *See Pollard v. Law Office of Mandy L. Spaulding*, 766 F.3d 98, 103 (1st Cir. 2014) ("[T]he FDCPA does not require that a plaintiff actually be confused.")

5. The FDCPA does not ordinarily require proof of an intentional violation, and is considered a strict liability statute, whereby a single violation is sufficient to establish civil liability against a debt collector.

## JURISDICTION AND VENUE

6. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337 and 15 U.S.C. § 1692k(d). The Court has supplemental jurisdiction of any state law claims pursuant to 28 U.S.C. §1367.

7. This court has jurisdiction over Defendant, Lyons, Doughty & Veldhuis, P.C. because it regularly conducts and transacts business in this state, and the conduct complained of herein occurred in this Judicial District.

8. Venue is proper in this Judicial District under 28 U.S.C. § 1391(b) because a substantial part of the conduct complained of herein occurred in this Judicial District.

## PARTIES

9. Plaintiff Jana Reed ("Plaintiff") is a natural person who, at all times relevant hereto, was a residing in Essex County, State of New Jersey.

2

10. Plaintiff is a "consumer" as that term defined by 15 U.S.C. § 1692a(3).

11. Defendant Lyons, Doughty & Veldhuis, P.C. ("Defendant") is a law firm and company existing under the laws of the State of New Jersey, with its principal place of business in Mt. Laurel, New Jersey.

12. Defendant has transacted business within this state as is more fully set forth hereinafter in this Complaint.

13. Defendant regularly collects or attempts to collect debts asserted to be owed to others.

14. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

15. The principal purpose of Defendant's businesses is the collection of such debts.

16. Defendant uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

17. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

18. The acts of Defendant as described in this Complaint were performed by Defendant or on Defendant's behalf by its owners, officers, agents, and/or employees acting within the scope of their actual or apparent authority. As such, all references to "Defendant" in this Complaint shall mean Defendant or its owners, officers, agents, and/or employees.

### FACTUAL ALLEGATIONS

19. Sometime after March 31, 2021, Plaintiff received and read a letter from Defendant, dated March 31, 2021 (the "Letter") regarding an alleged debt owed to Capital One Bank (USA), N.A. (the "alleged Debt").

3

20. The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

21. The alleged Debt does not arise from any business enterprise of Plaintiff.

22. The alleged Debt is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

23. At an exact time known only to Defendant, the alleged Debt was assigned or otherwise transferred to Defendant for collection.

24. At the time the alleged Debt was assigned or otherwise transferred to Defendant for collection, the alleged Debt was in default.

25. The Letter, which conveyed information about the alleged Debt, is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

26. The Letter was the initial letter Plaintiff received from Defendant.

27. The Letter was sent on Defendant's law firm's letterhead in order to give the Plaintiff the impression that an attorney was meaningfully involved in the review and sending of the Letter, when in fact no attorney reviewed Plaintiff's account or the underlying agreement with the creditor prior to Defendant sending the Letter.

28. As evidence of the above, the Letter includes an alleged signature of an attorney with the Defendant.

29. Upon information and belief, the signature in the Letter is not that of David R. Lyons, Esq.

30. The Letter states, in the relevant part, "Although no interest is accruing on your account, your balance may increase in the future due to other charges allowed by your agreement and/or by law."

31. At the time of the Letter, the alleged Debt had already been charged off by the creditor.

32. Since the alleged Debt had already been charged off by the creditor, Plaintiff would no longer incur other charges with respect to the alleged Debt.

33. Therefore, the foregoing statement in the Letter was false, misleading, and/or deceptive since the alleged Debt balance would not increase.

34. Defendant intentionally provides false, misleading, and/or deceptive statements intended to have a coercive effect to pressure consumers into sending money quickly.

35. Defendant sends mass form letters to consumers lending its letterhead in order to provide the impression that the letter is from an attorney and an attorney reviewed the consumer's account prior to sending of the letter.

36. Defendant's intentional or negligent conduct of attempting to collect debts using a law firm's letterhead without meaningful involvement of an attorney and providing false, misleading, and/or deceptive information caused Plaintiff concern and confusion, causing Plaintiff emotional distress, anxiety, worry, and sleeplessness, causing Plaintiff to spend time to retain counsel, causing Plaintiff loss of time.

37. Plaintiff had to spend time in order to retain counsel to investigate Defendant's conduct described herein.

38. The foregoing conduct of Defendant violates the FDCPA, entitling Plaintiff to statutory damages and actual damages, along with reasonable attorneys' fees.

### FIRST COUNT
### Violation of 15 U.S.C. §§ 1692e, 1692e(3) and 1692e(9)

39. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

40. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

41. 15 U.S.C. § 1692e(3) prohibits the use of any false representation or implication that any individual is an attorney or that any communication is from an attorney.

42. 15 U.S.C. § 1692e(9) prohibits the use or distribution of any written communication …which creates a false impression as to its source, authorization, or approval.

43. Section 1692e(3) requires that collection attorneys be "meaningfully involved" in the review of a consumer's file before sending a collection letter. See, e.g., *Clomon v. Jackson*, 988 F.2d 1314, 1320-21 (2d Cir. 1993); Avila v. Rubin, 84 F.3d 222, 228-29 (7th Cir. 1996).

44. The Letter was sent on Defendant's law firm's letterhead.

45. The Letter contained an alleged signature of an attorney.

46. The alleged signature is not that of David Lyons, Esq.

47. The Letter was sent to provide the false representation it was from an attorney.

48. The Letter falsely implies that an attorney had reviewed Plaintiff's account.

49. The Letter falsely implies that an attorney had reviewed the underlying agreement between Plaintiff and the alleged creditor.

50. The Letter falsely implies that an attorney reviewed Plaintiff's file.

51. The Letter falsely implies that an attorney was involved in the creation and mailing of the Letter.

52. The Letter falsely implies that an attorney reviewed and signed the Letter prior to mailing.

53. Upon information and belief, Defendant sends form collection letters thousands of times to consumers in New Jersey.

54. Upon information and belief, the Letter is a form template that is populated with consumer data from a spreadsheet and sent to consumers without meaningful review by an attorney.

55. Defendant sends form collection letters without an attorney's meaningful involvement for the sole purpose of maximizing its profits.

56. Defendant violated 15 U.S.C. §§ 1692e, 1692e(3) and 1692e(9) when it sent the Letter lending the law firm's letterhead without an attorney being meaningfully involved.

57. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(3) and 1692e(9) and is liable to Plaintiff therefor.

## SECOND COUNT
### Violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)

58. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

59. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

60. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

61. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

62. The Letter states, in the relevant part, "Although no interest is accruing on your account, your balance may increase in the future due to other charges allowed by your agreement and/or by law."

63. At the time of the Letter, the alleged Debt had already been charged off by the creditor.

64. The least sophisticated consumer is led to be confused by this statement.

7

65. On one hand, the letter states that "no interest is accruing." On the other hand, the letter states that the "balance may increase in the future due to other charges."

66. Because this is a charged off debt, no interest should accrue.

67. It is common practice for banks not to charge any additional fees or interest after charging off an account.

68. Upon information and belief, it is the common practice of the creditor of the alleged Debt not to charge any additional fees or interest after charging off an account.

69. The letter does not specifically state what other charges may be added.

70. The least sophisticated consumer would be led to believe upon receipt of such letter that, without specificity, the other charges that accrue may be interest and/or fees on a charged off debt.

71. Therefore, the foregoing statement in the Letter was false, misleading, and/or deceptive since the alleged Debt balance was not going to increase.

72. Defendant intentionally provides false, misleading, and/or deceptive statements intended to have a coercive effect to pressure consumers into sending money quickly.

73. Defendant's statement that Plaintiff's balance may increase in the future due to other charges, is a false, misleading, and/or deceptive representation, in violation of 15 U.S.C. § 1692e.

74. Defendant's statement that Plaintiff's balance may increase in the future due to other charges, is a false representation of the character, amount, or legal status of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

75. Defendant's statement that Plaintiff's balance may increase in the future due to other charges, is a false representation or deceptive means to collect or attempt to collect the alleged Debt, in violation of 15 U.S.C. § 1692e(10).

76. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and is liable to Plaintiff therefor.

## JURY DEMAND

77. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment be entered as follows:

    a. Finding Defendant's actions violate the FDCPA; and

    b. Awarding damages to Plaintiff pursuant to 15 U.S.C. § 1692k; and

    c. Awarding Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k, calculated on a "lodestar" basis; and

    d. Awarding the costs of this action to Plaintiff; and

    e. Awarding pre-judgment interest and post-judgment interest to Plaintiff; all together with

    f. Such other and further relief that the Court determines is just and proper.

DATED: February 22, 2022

**BARSHAY, RIZZO & LOPEZ, PLLC**

By: s/ *Todd D. Muhlstock*
Todd D. Muhlstock, Esquire
445 Broadhollow Road | Suite CL18
Melville, New York 11747
Tel: (631) 210-7272
Email:Todd@WeSueThem.com
*Attorneys for Plaintiff*